IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


PALES V. PALES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


LAURA L. PALES, APPELLANT AND CROSS-APPELLEE,

V.

WARREN S. PALES, APPELLEE AND CROSS-APPELLANT.


LAURA L. PALES, APPELLEE,

V.

WARREN S. PALES, APPELLANT.


Filed June 23, 2015.    Nos. A-14-703, A-14-977.


Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed in part, and in part reversed.

Diana J. Vogt, Thomas D. Prickett, and James D. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for Laura L. Pales.

James F. Cann, of Koley Jessen, P.C., L.L.O., for Warren S. Pales.


IRWIN, INBODY, and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

These consolidated appeals arise out of a proceeding to modify the decree dissolving the marriage of Laura L. Pales and Warren S. Pales. Laura appeals the district court's refusal to deviate from the child support guidelines to order Warren to provide additional child support for the

expense of extracurricular activities the parties' children are involved in, the court's determination of Warren's income for purposes of modification of child support and alimony, and the court's refusal to extend the term of Warren's alimony obligation. Warren appeals the court's modification of the amount of his alimony obligation, the court's order that the parties exchange tax returns, and the court's award of temporary alimony during the time that this case is pending on appeal. We find no merit to Laura's assertions on appeal, but find that the court erred in increasing Warren's alimony obligation, in ordering temporary alimony in the increased amount, and in ordering the parties to exchange tax returns for an extended duration of time.

## II. BACKGROUND

Laura and Warren were married in 1994. Three children were born of their marriage: Jacob, in 1996; Ashley, in 1999; and Joshua, in 2001.

Laura filed a complaint seeking dissolution of the marriage in October 2010. The parties entered into a property settlement agreement that included provisions concerning "their respective property rights and all other matters relating to the dissolution of their marriage including matters relating to custody [and] parenting time, property division, payment of debts, payment of alimony, payment of attorney fees, and all other matters incident to the . . . dissolution proceedings." The district court entered a dissolution decree in September 2012, incorporating the parties' property settlement agreement.

Pursuant to the parties' property settlement agreement and parenting plan, the court awarded the parties joint legal custody, with Laura being awarded physical custody and Warren being awarded parenting time.

In the property settlement agreement the parties acknowledged that at the time of the decree Warren was unemployed, and the parties calculated Warren's child support obligation "based on an agreed upon earning capacity" for Warren. The parties provided that "[a]t such time as [Laura or Warren] secures employment . . . that pays more than $50,000 per year, [Warren's] child support obligation shall be recalculated using . . . actual income." The court ordered Warren to pay child support consistent with the parties' calculations, ordering Warren to pay support in the amount of $902 per month.

In the property settlement agreement the parties also acknowledged Warren's then unemployed status in reference to alimony. The parties provided that Warren would pay alimony in the amount of $1 per month for a period of 48 months, and again provided that the alimony obligation was subject to modification "[a]t such time as [Laura or Warren] secures employment . . . that pays more than $50,000 per year." The court ordered Warren to pay alimony in the amount of $1 per month for a period of 48 months.

In the property settlement agreement the parties acknowledged understanding that "[a]ll issues arising out of their marriage could have been litigated to conclusion" and that "a different resolution of the various issues between the parties as contained in [the property settlement agreement] may have been obtained," but that "each determined that . . . the resolution set forth [in the agreement] is in their respective best interests." As such, Laura and Warren each "freely, voluntarily and knowingly waive[d] the right to proceed with the trial and accept[ed] the terms of [the property settlement agreement] as final, complete and binding."

In November 2012, approximately 2 months after the decree was entered, Laura filed a motion to modify child support and alimony. In her motion Laura noted that the parties' property settlement agreement had provided that child support and alimony were subject to modification upon Warren securing employment and Laura alleged that Warren secured employment commencing in October.

A hearing on Laura's motion for modification was concluded in May 2013. In June, Warren was notified that his employment would terminate because of the non-renewal of a contract upon which his employment had been based. As a result, in June Warren filed an application to reopen the evidence regarding modification. No ruling on that motion appears in the transcript presented on appeal, but it appears that no additional evidence was taken by the court.

In October 2013 the court entered a modification order. The court increased Warren's child support obligation to $1,439 per month and increased his alimony obligation to $1,200 per month for the remainder of the 48 month period specified in the parties' property settlement agreement and the decree. The court also noted that Laura had sought the creation of a trust for the parties' payment of expenses related to the children's extracurricular activities or other modification of the decree to require Warren to pay for those activities, and the court specifically denied that request.

Warren secured new employment in August 2013, after the conclusion of the hearings and evidence adduced on the prior application to modify, but prior to the entry of the modification order. As a result, in late October, approximately 3 weeks after the entry of the prior modification order, Laura again filed a motion seeking modification of Warren's child support and alimony obligations. Laura also alleged that her own income had increased. Warren admitted having secured new employment, alleged that Laura's income had also increased, and agreed that his child support and alimony obligations should be recalculated as a result.

In March 2014 the court held a hearing on the second motion for modification of child support and alimony. At the outset of that hearing, Laura's counsel argued that the material changes of circumstances warranting modification of child support and alimony included Warren's new employment and Warren moving to Wyoming for that new employment. Laura's counsel also argued that the parties' children had special abilities, that their participation in activities was costly, and that Warren "takes the position . . . that his contributions to the costs of those activities somehow are to be covered by either child support that he pays for his children and by the alimony he pays Laura."

In response, Warren's counsel noted that the only allegations raised in the motion for modification related to the incomes of the parties, and argued that the motion did not include allegations regarding custody, parenting time, or renegotiation of the parties' settlement agreement. He argued that the children's extracurricular activities were not properly at issue, that there had been no material change in circumstances regarding those activities, that there was no provision in the parties' property settlement agreement or the decree concerning them, and noted that the "same argument was made the last time we were here . . . and [Laura] made an effort here to go back and try and recapture a whole bunch of extracurricular expense money. The court rejected that then."

Throughout the hearing, Laura presented testimony and evidence related to the children's extracurricular activities and the expenses related thereto. Warren repeatedly objected that the

testimony and evidence was not relevant to the present motion for modification, and Laura repeatedly argued that the testimony and evidence showed her "need" for an increase in alimony. Laura specifically requested the court order Warren to reimburse her for "some $19,000 for his portion of [the] children's extracurricular activities and expenses."

Laura also testified about the parties' changes in income, her calculations and requests for child support and alimony, and her request for an extension in the length of Warren's alimony obligation. Laura testified that her income had not increased as much as she had expected at the time she filed the motion to modify.

On cross-examination, Laura acknowledged that she had estimated that she would have higher income than she testified to during direct examination. She also agreed that there was no provision in the parties' property settlement agreement or the decree concerning the children's extracurricular activities. She testified that the difference in monthly expenses for the children's participation in extracurricular activities had increased from approximately $1,958 per month at the time of the prior modification to approximately $2,048 per month. Finally, she acknowledged that Warren had offered to split the children's swimming expenses "50/50" in November 2013, but that she had not accepted the offer because she wanted Warren to reimburse her for expenses incurred retroactively to January 2013.

Warren testified about his new employment, his move to Wyoming for that employment, and the bonuses and housing compensation received when he began the employment. He testified about his proposed child support calculations. He testified that there had been no material change regarding the children's swimming activities since the time of the prior modification. He also testified about the payments he had made related to the children's extracurricular activity expenses.

In July 2014 the court entered a second modification order. The court increased Warren's child support obligation and increased his alimony obligation for the remainder of the 48 month period specified in the parties' property settlement agreement and the decree. The court did not increase the duration of Warren's alimony obligation. The court also specifically denied, again, Laura's request to modify the decree to require Warren to pay for extracurricular activities.

Laura appealed the court's modification order in an appeal docketed as case No. A-14-703. Warren filed a cross-appeal in that case.

In September 2014 Laura filed a motion seeking to have the increased alimony obligation be effective during the pendency of her appeal. The court sustained the motion and ordered Warren to pay the increased alimony obligation during the pendency of the appeal.

Warren appealed the court's order for temporary alimony in an appeal docketed as case No. A-14-977.

The two docketed appeals related to the modification have been consolidated for our consideration.

## III. ASSIGNMENTS OF ERROR

In case No. A-14-703, Laura assigns six errors, which we consolidate for discussion to four. First, she asserts that the court erred in failing to make an award concerning the children's extracurricular activities. Second, she asserts that the court erred in its determination of Warren's income for purposes of child support and alimony. Third, she asserts that the district court erred in

not making specific factual findings to explain its child support and alimony awards. Finally, she asserts that the court erred in not extending the duration of the alimony award.

In his cross-appeal in case No. A-14-703, Warren has assigned three errors. First, he asserts that the court erred in ordering the parties to exchange tax returns. Second, he asserts that the court erred in increasing his alimony obligation. Third, he asserts that the court erred in ordering him to pay the increased alimony amount during the pendency of the appeal.

In case No. A-14-977, Warren asserts that the court erred in ordering him to pay the increased alimony amount during the pendency of the appeal.

## IV. ANALYSIS

### 1. EXTRACURRICULAR ACTIVITIES

Laura asserts that the district court erred when it "failed to address the extracurricular activities." Brief for Appellant at 13. She asserts that there was extensive evidence presented regarding the cost and importance of the children's participation in competitive swimming and that the court should have deviated from the child support guidelines and ordered Warren to pay additional child support. She acknowledges that her trial counsel did not plead a request for an upward deviation in child support, but argues that the court's failure to do so in this situation amounted to plain error.

Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015).

A party seeking to modify a child support award must show a material change in circumstances which occurred subsequent to the entry of the original decree or previous modification and was not contemplated when the decree was entered. *Freeman v. Groskopf*, 286 Neb. 713, 838 N.W.2d 300 (2013).

Plain error may be found on appeal when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. McSwine*, 22 Neb. App. 791, 860 N.W.2d 776 (2015).

In this case, Laura spends significant time in her brief on appeal arguing that a survey of law in other states and in Nebraska supports the conclusion that "the Pales divorce is exactly the situation meant to be addressed by an upward deviation from the child support guidelines." Brief for Appellant at 15. She points this court to authority from Colorado, Minnesota, Illinois, Connecticut, and a number of other states in support of the notion that where children incur extraordinary expenses for extracurricular activities it is appropriate to deviate from child support guidelines in establishing child support payments. Laura's brief on appeal, however, does not include any assertion or demonstration that there has been any material change in circumstances concerning the children's extracurricular activities since the prior modification proceeding.

In this case, there was a modification proceeding that resulted in the entry of a modification order in early October 2013. The present modification proceeding was filed approximately 3 weeks later, at the end of October, and was based on changes in the parties' incomes.

The record reflects that Laura sought in the prior modification proceeding to have the court order Warren to pay some portion of the children's extracurricular activity expenses, and the court specifically denied that request in the prior modification order. No appeal was taken from that ruling.

The record also reflects that there had been no material change in circumstances concerning the children's extracurricular activities since the prior modification proceeding. Laura did not plead any such change in circumstances and did not present evidence of any such change in circumstances. Warren testified that there had been no such change in circumstances, testifying that the children's swimming expenses had not changed since the modification and that their music expenses had actually decreased.

Laura argues on appeal that it is plain error for the court to fail to rule upon an issue litigated at trial and argues that the court committed plain error in failing to deviate from the guidelines in calculating child support. We disagree.

The court did rule on the issue when it specifically held in the current modification order that Laura's "request to modify the Decree to require [Warren] to pay for or reimburse [Laura] for any extracurricular activities is denied." The court did not commit plain error by failing to rule on this issue because the court did rule on this issue when it specifically denied Laura's request. The court also did not commit error, plain or otherwise, in refusing to modify regarding extracurricular activities because Laura failed to demonstrate a material change in circumstances related thereto. This assigned error is without merit.

## 2. WARREN'S INCOME

Laura next asserts that the district court erred in its determination of Warren's income for purposes of child support and alimony. We find no merit to this assertion.

In this case the court issued findings prior to the modification order, in which findings the court specified what it was concluding to be Warren's child support obligation and attaching child support worksheets to demonstrate how the court arrived at its findings. With respect to Warren's income, those worksheets are generally comparable to the calculations proposed by Warren, albeit attributing slightly higher income to Warren than his proposals.

Warren testified at length about the basis for his proposals, including how he determined the amounts of bonuses, moving expenses, and other sources of income to include in the calculations. Warren also provided exhibits to substantiate his testimony concerning his income. Although Laura testified to different amounts and proposed different calculations, we do not find it to be an abuse of discretion for the court to have generally relied upon Warren's evidence in determining his income for purposes of child support. We find no merit to this assignment of error concerning the court's determination of Warren's income.

## 3. FACTUAL FINDINGS

Laura first asserts that the district court erred in failing to make detailed findings necessary to show that the court did not abuse its discretion. Specifically, she argues that the court did not make sufficient specific findings regarding what it took into consideration in determining Warren's income and expenses for purposes of child support. Laura argues that child support guidelines

cannot be used in the absence of specific factual findings concerning income and expenses, and she cites to *Elsome v. Elsome*, 257 Neb. 889, 601 N.W.2d 537 (1999), in support of her argument.

We find no merit to Laura's assertion that the court erred by not making sufficient findings. The court issued findings about the amount of support being ordered and, as noted above, included copies of the child support worksheets used to arrive at the court's calculations. In *Elsome v. Elsome, supra*, the Nebraska Supreme Court implored trial judges to incorporate into the record his or her worksheet employed in arriving at child support amounts. The court in this case did that.

## 4. PERMANENT ALIMONY

Laura next asserts that the district court erred in its alimony award. Aside from her argument, addressed above, that the court erred in determining Warren's earnings, her only assignment of error is that the court erred in not modifying the duration of the alimony award. She has not assigned error to the amount of alimony awarded in the modification order.

In his cross-appeal, Warren asserts that the court erred in modifying the amount of his alimony obligation. He argues that changes in the parties' incomes alone were insufficient good cause to increase his alimony obligation from $1,200 per month in the prior modification order to $1,500 per month in the present modification order.

Pursuant to Neb. Rev. Stat. § 42-365 (Reissue 2008), alimony orders may be modified for good cause shown. Good cause means a material and substantial change in circumstances and depends upon the circumstances of each case. *Metcalf v. Metcalf*, 278 Neb. 258, 769 N.W.2d 386 (2009). To determine whether there has been a material and substantial change in circumstances warranting modification of a divorce decree, a trial court should compare the financial circumstances of the parties at the time of the prior order with their circumstances at the time the modification at issue was sought. See *Id.*

Similar to our discussion concerning extracurricular activities above, the issue presented is whether Laura demonstrated a material change of circumstances between the time of the prior modification proceeding and her filing of the present modification proceeding that would justify increasing the amount or duration of Warren's alimony obligation. We conclude that she did not.

A review of the record from the present modification proceeding indicates that Laura did not demonstrate that her expenses increased, aside from her assertions that expenses have increased regarding the children, after the prior modification proceeding. Laura testified that she had incurred additional expenses related to the children because of Warren's move to Wyoming and times that he had not exercised his parenting time, but did not testify or present evidence of an increase in expenses that were not related to the children and more appropriately a part of child support. She also testified at great length about the children's extracurricular activities expenses, but testified that they had remained consistent since the time of the decree.

The only change in circumstances that Laura plead or demonstrated related to the parties' incomes. In that regard, although the evidence suggested that Warren's income had increased, so had Laura's. Although a disparity of income might partially justify an alimony award, alimony is not a tool to equalize the parties' income. See *Anderson v. Anderson*, 290 Neb. 530, 861 N.W.2d 113 (2015). See, also, *Simpson v. Simpson*, 275 Neb. 152, 744 N.W.2d 710 (2008). Without a corresponding demonstration that her expenses had increased since the prior modification

proceeding, an increase in Warren's income alone does not justify increasing the alimony obligation.

We find no merit to Laura's assertion that the court abused its discretion in refusing to extend the duration of the alimony award because she demonstrated no material change in circumstances that would justify such an increase in duration. We do, however, find merit to Warren's assertion that the court abused its discretion in increasing his alimony obligation by $300 per month when the only change in circumstances demonstrated was in increase in the parties' incomes. As such, we reverse the court's increase in the alimony award.

## 5. TAX RETURNS

In his cross-appeal, Warren asserts that the court erred in ordering the parties to exchange tax returns through the year 2019.

In the parties' property settlement agreement, incorporated into the dissolution decree, they specifically provided that they would exchange federal and state tax returns for 2012, 2013, and 2014, within 30 days of filing. In the prior modification proceeding, Laura sought to have the court order the parties to exchange returns for a longer period of time. At that time, Warren objected because Laura had not plead any change in circumstances regarding the necessity of modifying the decree's provision concerning tax returns, and the court sustained that objection. The court did not modify the decree concerning tax returns.

In the present modification proceeding, Laura again did not plead any change in circumstances that would merit modification of the tax return provision in the parties' property settlement agreement or the decree. Nonetheless, the court ordered the parties to exchange tax returns through the year 2019. There was no basis for this modification, and we reverse.

## 6. TEMPORARY ALIMONY

Finally, Warren argues in his cross-appeal and in his appeal in case No. A-14-977, that the court erred in ordering him to pay the increased alimony amount during the pendency of this appeal.

Inasmuch as we have concluded above that Warren's permanent alimony obligation should not have been increased, we likewise conclude that he should not have been ordered to pay that amount as temporary alimony. Warren is entitled to credit for the overpayment of alimony during the pendency of these appeals.

## V. CONCLUSION

We find no merit to Laura's assertions on appeal. We conclude that the court erred in increasing Warren's alimony obligation from $1,200 per month to $1,500 per month, and we reverse the court in that regard. We similarly conclude that the court erred in ordering Warren to pay temporary alimony of $1,500 per month during the pendency of the appeal, instead of $1,200 per month that was ordered in the prior modification proceeding. Finally, we conclude that the court erred in ordering the parties to exchange tax returns for a longer period of time than provided in the parties' property settlement agreement and the decree.

AFFIRMED IN PART, AND IN PART REVERSED.